FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 24, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROLAND WILLIS FINNEY,<br><br>    Plaintiff,<br><br>    v.<br><br>GLORIA OCHOA-BRUCK,<br><br>    Defendant. | No. 2:22-CV-00060-SAB<br><br><br><br><br><br>**ORDER DISMISSING ACTION** |

    On April 5, 2022, Plaintiff filed his pro se Complaint and Application to Proceed In Forma Pauperis, ECF Nos. 1, 2. On April 12 2022, the Court granted his Application to Proceed in Forma Pauperis. ECF No. 4.

    Plaintiff is suing Gloria Ochoa-Bruck, who is a Spokane Municipal Judge. He also named Ryan Dalessi as a Defendant. The Court believes that Mr. Dalessi is a prosecutor for the City of Spokane. From the Complaint, it appears there is an ongoing criminal matter in Spokane Municipal Court. On March 30, 2022, Plaintiff appeared before Judge Ochoa-Bruck, who placed him under arrest for asking that jurisdiction be placed on the record as required by law. He also asked her for validation of her Oath of Office, her citizenship, and the verified complaint. He asserts that she is requiring that he be represented by a public defender. There are not any factual allegations concerning Mr. Dalessi in the Complaint.

    Plaintiff is bringing claims against Judge Ochoa-Bruck and Ryan Dalessi under 42 U.S.C. § 1983, for violations of the Fifth and Fourteenth Amendments,

**ORDER DISMISSING ACTION** ~ 1

Equal Protection of the law; Judge and Judicial misconduct; Acting outside powers and authority; conspiracy to commit fraud; high treason; intimidation and threat to harm; supremacy clause; due process; court abuse, abuse of power, violating the right to defend himself and deprivation of rights under the color of law. ECF No. 1-1 at 1-2.

Plaintiff is asking for "the Judges to respect and honor the oath they have [taken] for the Constitution. To mediate the hearing not lawyer it. Stop the intimidation and punishment for a civilian." ECF No. 1 at 7.

## 28 U.S.C. § 1915 Review

When an individual seeks to proceed in forma pauperis, the Court is required to review the complaint and dismiss such complaint, or portions of the complaint, if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992).

## Analysis

Generally speaking, the *Younger* abstention doctrine forbids federal courts from enjoining pending state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *see also Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982) (stating that *Younger* "and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances"). The Ninth Circuit has held that abstention is appropriate when: (1) the state judicial proceedings are ongoing; (2) the proceedings implicate important state interests; (3) the state proceedings provide an adequate opportunity to raise constitutional challenges; and (4) the

**ORDER DISMISSING ACTION ~ 2**

1  relief requested "seek[s] to enjoin" or has "the practical effect of enjoining" the
2  ongoing state judicial proceedings. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th
3  Cir. 2018). Where all elements are met, a district court must abstain from hearing
4  the case and dismiss the action. *See Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th
5  Cir. 1988) (stating that "[w]here Younger abstention is appropriate, a district court
6  cannot refuse to abstain, retain jurisdiction over the action, and render a decision
7  on the merits after the state proceedings have ended … [because] Younger
8  abstention requires dismissal of the federal action") However, even where *Younger*
9  abstention is appropriate, "federal courts do not invoke it if there is a 'showing of
10 bad faith, harassment, or some other extraordinary circumstance that would make
11 abstention inappropriate.'" *Arevalo,* 882 F.3d at 765–66.
12       Also, it is well-settled that judges have absolute immunity from damage
13 liability for acts performed in their official capacities. *Forrester v. White*, 484 U.S.
14 219, 225 (1988); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). The
15 purpose of absolute immunity to protect the finality of judgments; discourage
16 inappropriate collateral attacks and to protect "judicial independence by insulating
17 judges from vexatious actions prosecuted by disgruntled litigants." Judicial
18 immunity applies "however erroneous the act may have been, and however
19 injurious in its consequences it may have proved to the plaintiff." *Cleavinger v.*
20 *Saxner*, 474 U.S. 193, 199-200 (1985).
21       In addition, prosecutors are afforded absolute immunity for when they are
22 acting within the scope of their duties in initiating and pursuing criminal
23 prosecution and in presenting the state's cases. *Imbler v. Pachtman*, 424 U.S. 409,
24 430 (1976).
25       Here, the Court abstains from hearing this action and will dismiss the case.
26 Based on the allegations in the Complaint, it is clear that Plaintiff is asking this
27 federal court to intervene in an on-going state criminal proceeding and he has not
28 alleged facts suggesting bad faith, harassment, or any other extraordinary

**ORDER DISMISSING ACTION ~ 3**

circumstance that would make abstention inappropriate. In addition, based on the allegations in the Complaint, it is clear that Judge Ochoa-Bruck and Mr. Dalessi would be entitled to absolute immunity.

The Court declines to grant Plaintiff leave to amend, given that the *Younger* doctrine requires abstention, and Plaintiff would not be able to allege additional facts that would overcome absolute immunity.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint, ECF No. 1, is **DISMISSED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to Plaintiff, and **close** the file. The Court certifies that an appeal of this Order would not be taken in good faith.

**DATED** this 24th day of May 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER DISMISSING ACTION ~ 4**